**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X    **Case No.**

AKTHER NAHAR,

Plaintiff,    **COMPLAINT**

- against -

**PLAINTIFF DEMANDS**
DUNKIN DONUTS, ADR VENTURES WPR LLC d/b/a    **A TRIAL BY JURY**
DUNKIN DONUTS

Defendants.

-------------------------------------------------------------------X

Plaintiff AKTHER NAHAR ("Plaintiff"), by her attorneys, PHILLIPS & ASSOCIATES,

Attorneys at Law, PLLC, hereby complains of Defendants, upon information and belief, as

follows:

<u>NATURE OF THE CASE</u>

1.      Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. §§ 2000e *et seq.* ("Title VII"), the New York State Human Rights Law, New York

State Executive Law, §§ 296 *et seq.* ("NYSHRL"), and the New York City Human Rights

Law, New York City Administrative Code §§ 8-107 *et seq.* ("NYCHRL"), and seeks

damages to redress the injuries Plaintiff has suffered as a result of being **<u>discriminated</u>**

**<u>and retaliated against by her employer due to her religion and gender.</u>**

<u>JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES</u>

2.      Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1331

and 1343.

3.      The Court has supplemental jurisdiction over the claims that Plaintiff has brought under

state and city law pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as one or more Defendants

reside within the Southern District of New York or the acts complained of occurred therein.

5.  By: (a) timely filing a Charge of Discrimination with the New York State Division of Human Rights and cross-filing, the same, with Equal Employment Opportunity Commission ("EEOC") on July 8, 2022; (b) receiving a Notice of Right to Sue from the EEOC on March 23, 2023; (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC; and (d) contemporaneously with the filing of this Complaint, mailing a copies thereof to the New York City Commission of Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York pursuant to the notice requirements of § 8-502 of the New York City Administrative Code, Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action. A copy of the Notice of Right to Sue is annexed hereto as Exhibit A; a copy of the transmittal letter to the NYCCHR, *et ano.*, is annexed hereto as Exhibit B.

## PARTIES

6.  Plaintiff is a female resident of the State of New York and County of Bronx.

7.  Plaintiff is an observant Muslim and wears a hijab.

8.  Upon information and belief, Defendant ADR VENTURES WPR LLC ("ADR VENTURES") is a domestic business corporation operating in and existing under the laws of the State of New York.

9.  Upon information and belief, Defendant ADR VENTURES employs fifteen or more employees.

10.  Upon information and belief, Defendant DUNKIN DONUTS. ("DUNKIN") is a foreign business corporation with a primary business and service address located at 130 Royall Street, Canton MA, 02021.

11.  Upon information and belief, Defendant DUNKIN employs fifteen or more employees.

12.  At all times relevant herein, Defendant ADR VENTURES was and is a franchisee of DUNKIN.

13.  At all times relevant, Suhel Ahmed ("Ahmed") was and is the franchise owner of Defendant ADR VENTURES and in that capacity had the authority to hire, fire or affect the terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same.

14.  Defendants DUNKIN and ADR VENTURES are collectively referred to herein as "Defendants."

15.  At all times relevant, Plaintiff was an employee of Defendants.

16.  At all times relevant, Anwar "Andy" Hossain ("Andy") was a Manager for Defendants and in that capacity was Plaintiff's supervisor and/or had supervisory authority over Plaintiff in that capacity had the authority to hire, fire or affect the terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same.

## MATERIAL FACTS

17.  On or about April 23, 2021, Plaintiff began working as a Crew Member for Defendants at the store located at 2200 White Plains Road, Bronx, NY 10467.

18.  Plaintiff earned $15.00 per hour. Plaintiff's shifts were scheduled on a weekly basis, but she usually worked approximately 16 hours per week.

19.  Plaintiff performed well throughout her employment and did not earn a single write up regarding her performance on the job.

20.  Throughout her employment, Plaintiff experienced continuous hostile treatment from Andy. Plaintiff understood his behavior to be discriminatory harassment because Andy did

not like that Plaintiff wore a hijab in the workplace.

21. Plaintiff was regularly directed to stay in the rear of the store, where she would make drinks and snacks, but not serve customers, while her coworkers were allowed to float between the front and back of the store. Andy regularly stated in sum and substance, "The customers will be scared" and "You will drive away the customers." Plaintiff understood this to be because he did not want customers to see Plaintiff wearing a hijab.

22. Plaintiff's coworkers would often question why Plaintiff was relegated to the back of the store when her performance was exemplary and were told by Andy that Plaintiff's hijab would keep customers away and instructed other employees not to let Plaintiff stay in the front of the store.

23. In or around March 2022, Saikot Hassan ("Saikot") began working as a store manager for Defendants and in that capacity was Plaintiff's supervisor and/or had supervisory authority over Plaintiff in that capacity had the authority to hire, fire or affect the terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same.

24. Just like Andy, Saikot disliked Plaintiff's practice of wearing a hijab and treated Plaintiff less well than other employees who did not wear hijabs.

25. Further, Plaintiff observed a young woman come into the location to begin employment. Similar to Plaintiff, the young woman wore a hijab. Plaintiff observed Andy tell the young woman not to wear the hijab in the store, making Andy's animus toward Muslim women open and notorious.

26. On one of Plaintiff's last shifts, Plaintiff was instructed by Saikot to move the ovens and clean under them. Plaintiff could not recall a time that one person was asked to do this task.

She objected and stated that it was too heavy and not possible for her to do on her own. Plaintiff understood this to be further harassment by Defendants' management team based on her gender, as well as a further attempt to make Plaintiff so uncomfortable at the workplace that she would resign.

27. When Plaintiff did not voluntarily resign, Defendants simply stopped scheduling Plaintiff for shifts at Defendant ADR VENTURES.

28. On or about April 16, 2022, Plaintiff tried to contact Andy multiple times as she had not been included on the shift schedule. Plaintiff never heard back from Andy or anyone else in management, and Plaintiff understood that she had been terminated.

29. Thereafter, Plaintiff heard from another former employee of Defendants that the reason for her termination was her gender and religion, namely her wearing a hijab in the workplace.

30. **Plaintiff understood her termination to be discriminatory and retaliatory based on Plaintiff's religion and gender.**

31. Defendants did not even bother providing a pretextual reason for Plaintiff's termination.

32. But for the fact that Plaintiff is a religious Muslim woman who wears a hijab, Defendants would not have treated her differently.

33. Based on the aforementioned comments and actions, it is clear that Defendants' reason for discriminating against Plaintiff was due to Plaintiff 's gender and religion.

34. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

35. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

36. As a result of the acts and conduct complained of herein, Plaintiff has also suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails.

37. As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdiction of the Court.

38. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

39. As such, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION**
**DISCRIMINATION UNDER TITLE VII**

40. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

41. 42 USC 2000e-2(a), states in relevant part:

> It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's race, color, **religion**, **sex**, or national origin . . .

42. Corporate Defendants engaged in unlawful employment practices prohibited by Title VII, by discriminating against Plaintiff because of her **religion and sex.**

**AS A SECOND CAUSE OF ACTION**
**DISCRIMINATION UNDER THE NYSHRL**

43. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

44. Executive Law § 296 provides that,

1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, **creed**, color, national origin, sexual orientation, gender identity or expression, military status, **sex**, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

45. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her **creed/religion and sex.**

## AS A THIRD CAUSE OF ACTION
## DISCRIMINATION UNDER THE NYCHRL

46. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

47. The New York City Administrative Code §8-107(1) provides that

[i]t shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, **creed**, color, national origin, **gender**, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

48. Defendants engaged in unlawful discriminatory practices in violation of the NYCHRL by discriminating against Plaintiff because of her **creed/religion and gender.**

## JURY DEMAND

49. Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII, the NYSHRL, and the NYCHRL, and, in that Defendants discriminated against

Plaintiff on the basis of her religion and gender;

B.  Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D.  Awarding Plaintiff punitive damages;

E.  Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
May 8, 2023

PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC

Brittany Stevens, Esq.
45 Broadway, Suite 430
New York, New York
10006 T: (212) 248-7431
F: (212) 901 -2107
bstevens@tpglaws.com